**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL FEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WYSSTA SERVICES, INC.,<br><br>Defendant. | Case No. 1:25-cv-794<br><br>Honorable Sharon Johnson Coleman<br><br>Honorable Jeannice W. Appenteng |

**DEFENDANT WYSSTA SERVICES, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Wyssta Services, Inc. ("Wyssta") respectfully submits the following Reply in support of its Rule 12(b)(6) Motion to Dismiss (Dkt. No. 12).

## INTRODUCTION

Plaintiff's Opposition urges the Court to employ an untenable interpretation of the scope of the Electronic Communications Privacy Act ("ECPA") and criminalize Wyssta for using ubiquitous website analytics technologies for legally permissible purposes. Moreover, Plaintiff's insistence that he sufficiently pled his violation of the Illinois Eavesdropping Statute is simply wrong. He fails to establish that Wyssta was acting as Google's principal. This failure dooms any alleged violation because as Plaintiff concedes Wyssta was a party to the communication. For these reasons, and those discussed in Wyssta's Motion to Dismiss, Wyssta respectfully requests this Court dismiss Plaintiff's Complaint in its entirety without leave to amend.

## ARGUMENT

### I. Plaintiff Fails to State a Claim Under the ECPA.

#### A. Plaintiff Fails to Allege That Wyssta Intended to Commit a Crime or Tort.

Acknowledging that Wyssta's consent alone is sufficient to preclude liability under the ECPA, Plaintiff argues that he has sufficiently pled the crime-tort exception to the one-party consent rule. *See* 18 U.S.C. § 2511(2)(d) (consent rule does not apply "if the recording party intercepted the communication 'for the purpose of committing any criminal or tortious act.'"). Plaintiff incorrectly contends that he need only plausibly plead that the alleged disclosure violated the Health Information Portability and Accountability Act ("HIPAA"), and nothing more, to satisfy the crime-tort exception at the pleading stage. (Dkt. No. 15 at 4). His contention fails under the plain language of the ECPA and well-reasoned federal case law.

Under the ECPA's crime-tort exception, a party to the communication may only be liable for intercepting that communication if the party (1) intended to commit (2) an independent crime

or tort (3) at the time of the interception. *See Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010). Under § 2551(d), it is not enough that the alleged disclosure may constitute, or result in, a tortious act in violation of federal law; rather the interception must be "for the *purpose* of committing…any tortious act…" *Id.*; 18 U.S.C. § 2511(d) (emphasis added). In other words, the question is not whether Wyssta violated HIPAA, but whether Wyssta *intended* to do so or had a specific unlawful *purpose*.

Plaintiff relies on a scattering of cases to support his ECPA claim.[1] This Court is not bound by those rulings. Rather, this Court should instead look to other decisions by courts across the country—including the Central District of Illinois—which have rejected the application of the crime-tort exception in circumstances similar to those present here. Wyssta submits those cases are better reasoned and avoid an interpretation of the crime-tort exception that would effectively swallow the statute and find hundreds of businesses criminally liable for using standard website analytics tools that serve a permissible commercial (and non-criminal or tortious) function. Indeed, under Plaintiff's formulation of the statutory language, i.e. where the alleged interception itself also forms the basis for the crime-tort exception (as opposed to separate, criminal or tortious conduct), ***every single*** alleged interception would satisfy the crime-tort exception, effectively transforming the ECPA from a one-party consent statute to a two-party consent statute. In other words, ***the exception becomes entirely illusory***. Wyssta respectfully submits those cases employ

[1] *A.D. v. Aspen Dental Mgmt., Inc.*, 1:2024cv01404, 2024 WL 4119153 at *3 (N.D. Ill. 2024) (failing to draw distinction between alleged interception and contemporaneous sharing of information, despite acknowledging defendant's conduct was in furtherance of commercial (rather than criminal) conduct); *Kurowski v. Rush Sys. for Health*, 1:2022cv05380, 2023 WL 8544084 at *3 (N.D. Ill. 2023) (same); *Mayer v. Midwest Physician Admin. Servs., LLC*, 1:23-cv-03132, 2025 WL 963779 at *3 (N.D. Ill. Mar. 31, 2025) (same); *Stein v. Edward-Elmhurst Health*, No. 1:2023cv14515, 2025 WL 580556 at **4-5 (N.D. Ill. Feb. 21, 2025) (acknowledging the conduct supporting the crime-tort exception must be independent from the interception itself, but nonetheless finding the contemporaneous disclosure of information incidental to the interception sufficient to invoke the exception).

too broad an application of the exception, including an application that fails to take into account the reality of the website analytics technologies at issue website tracking ECPA cases: taking Plaintiff's allegations as true, the technologies (deployed by third parties on Wyssta's website) contemporaneously transmit data incidental to the interception itself. There is no daylight between the alleged interception and contemporaneous sharing, all of which serves a commercial (rather than criminal or tortious) purpose. See Compl., ¶ 56 ("***These disclosures occur contemporaneous to the primary communication between Class Members, including Plaintiff, and the Website***. For example, ***Google receives the exact contents*** of the "GET request" and thus before the webpage requested has been rendered on the screen of the plan member's device and while the communication between Defendant and plan members remain ongoing. This is just an example, and ***the Google Tracking Pixel performs this contemporaneous[ ] interception with each communication with the Website it is configured to intercept***.") (emphasis added); *Id*. at 54 ("Defendant causes multiple data transmissions . . . to be made to Google ***contemporaneously*** with the transmission of the user's communications with the website.") (emphasis added).

Notably, in March the Central District of Illinois dismissed an ECPA claim in a similar healthcare pixel lawsuit. *See Doe v. Genesis Health Sys.*, 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025). In *Genesis Health*, the court held that "the "crime-or-tort" exception requires a specific intent that Defendant knew its acts were in violation of the HIPAA." *Genesis Health Sys.*, 2025 WL 1000192, at *9. The court dismissed Plaintiff's ECPA claim because, by Plaintiff's own account, Genesis used the tracking technology to "benefit Genesis Health and its marketing and advertising purposes… not for the purpose of knowingly committing a violation of

the HIPAA."[2] *Id.*; *see also* 18 U.S.C. § 2511(d); *Desnick v. Am. Broadcasting Cos. Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995) (discussing the ECPA's requirements and finding "the program as it was eventually broadcast" may have been tortious but that "there is no suggestion the defendants sent the testers ... *for the purpose of* defaming the plaintiffs"). This interpretation of the "crime or tort" exception is consistent with other district courts across the county. *See In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 518 (S.D.N.Y. 2001) (finding "plaintiffs clearly allege that DoubleClick has committed a number of torts" but " nowhere have they alleged that DoubleClick's "primary motivation" or a "determining factor" in its actions has been to injure plaintiffs tortiously") (quotations omitted); *see also Williams v. TMC Health,* No. CV-23-00434-TUC-SHR, 2024 U.S. Dist. LEXIS 178452, at *12 (D. Ariz. Sept. 30, 2024); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-Civ. 02865 (EMC), 2024 WL 1589982, at *10, *27 (N.D. Cal. Apr. 11, 2024) (dismissing wiretap claim because "[v]iolation of HIPAA was not the purpose of the alleged interception."); *Roberts v. Charlotte Mecklenburg Hosp. Auth.*, No. 3:24-cv-00382 (W.D.N.C. Mar. 20, 2025) (rejecting crime-tort exception in healthcare pixel action because "Plaintiffs have not plausibly alleged that Defendant's purpose for sharing IIHI was to breach HIPAA").

Plaintiff contends that these cases "miss the mark." This contention is based on an incorrect interpretation of the statutory language. Plaintiff asserts that in these cases Plaintiffs failed to allege that the interception violated some other statute besides the ECPA. (Dkt. No. 15 at 6). In an attempt to distinguish those cases from the present case Plaintiff reiterates that he alleges the alleged interceptions violated both the ECPA and HIPAA. *Id.* Plaintiff, however, incorrectly interprets the arguments asserted by plaintiffs in those cases. In each of the above cases plaintiffs *did* contend

[2] Notably, *Mayer*, the only in-District case cited by Plaintiff that was decided ***after*** *Genesis Health*, did not distinguish or expressly not follow the Central District's holding in *Genesis Health*. *See Mayer*, 2025 WL 963779, at *3.

that the alleged interceptions violated statutes other than the ECPA. But, the courts still dismissed plaintiffs' ECPA claims because they failed to show that the *purpose* of using the tracking technologies was to violate those other statutes. Plaintiff's claim suffers the same fate.

In an attempt to save his claim, Plaintiff asserts that the "primary motivation" test is satisfied when the interception violates another privacy law. (Dkt. No. 15 at 6). Plaintiff's reliance on *Brown v. Google LLC* is misplaced. In *Brown*, the plaintiffs alleged that "Google intercepted their communications for the purpose of associating their data with preexisting user profiles." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021). The court held that plaintiff's allegation that Google's *purpose* was to associate the data with the preexisting user profiles satisfied the crime-tort exception because it violated other state and privacy laws. In contrast, here, Plaintiff's complaint alleges that Wyssta's *purpose* in deploying the tracking technologies was to increase revenue and improve marketing. Therefore, even under Plaintiff's own criteria he relies upon from *Brown*, Plaintiff still fails to satisfy the requirements under the "primary motivation" test.

### B. Plaintiff Fails to Plausibly Allege an Independent Crime or Tort.

Plaintiff must allege that Wyssta intended to commit a criminal or tortious act that that is *independent* from the interception itself to successfully invoke the crime or tort exception. *Caro*, 318 F.3d at 99-100; *see also In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 145 (3d Cir. 2015). Put simply, the interception cannot be both the ECPA violation and the act underlying the alleged crime or tort. *Stein*, 2025 WL 580556, at *4 ("And the crime or tort cannot be the interception itself."). In his Opposition, Plaintiff asks the Court to interpret the statutory language of the ECPA to find that the alleged interception itself satisfies the crime-tort exception, rather than requiring an independent tortious or criminal act beyond the alleged wiretapping itself. (Dkt. No.15 at 7). This is because Plaintiff fails to identify any *independent*

tortious or criminal conduct beyond the alleged wiretapping itself, and thus his ECPA claim is doomed. *See Caro*, 618 F.3d at 100.

Recently, a federal court dismissed an ECPA claim in a similar healthcare pixel lawsuit on this basis. There the court addressed an amended ECPA claim, and concluded the "pleadings still allege that the technologies installed by Defendant contemporaneously transmit Plaintiff's communications to third parties," which demonstrated that "the alleged tortious or criminal use of the acquired communications is the disclosure itself." *Nienaber v. Overlake Hosp. Med. Ctr.*, 2:23-cv-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025). Thus, the court held the crime-tort exception did not apply. *Id.* It also noted the cases cited by plaintiff were unpersuasive because they did not grapple with the statutory text or evaluate the "distinction between the interception and the transmission of data." *Id.*; *see also Okash v. Essentia Health*, No. 0:23-cv-00482, 2025 WL 642913, at *4 (D. Minn. Feb. 27, 2025) (crime-tort exception inapplicable where alleged HIPAA and privacy claim not independent of interception). The same is true here; Plaintiff alleges contemporaneous interception and transmission (Dkt. No. 1 at 6), and his claim should likewise be dismissed. Plaintiff fails to allege facts sufficient to invoke the crime-tort exception to the one-party consent rule and his ECPA claim should be dismissed with prejudice.

## II. Plaintiff Fails to State a Claim Under the Illinois Eavesdropping Statute.

Plaintiff has not and cannot establish his claim that Wyssta violated the Illinois Eavesdropping Statute ("IES"). The IES creates a civil cause of action against an eavesdropper and "his principal" for the interception, recording, or transcription, "in a surreptitious manner, [of] any private electronic communication" *by a non-party* without "the consent of all parties to the private electronic communication." 720 Ill. Stat. §§ 5/14-2(a)(3); 720 Ill. Stat. § 5/14-6. Since Plaintiff acknowledges that Wyssta is a party to the allegedly intercepted communications Plaintiff instead alleges that Wyssta acted as Google's principal. Plaintiff's theory that Wyssta acted as

Google's principal and thus violated three subsections of the IES—720 Ill. Stat. §§ 5/14-2(a)(3), (a)(4), and (a)(5)—is implausible.

**A. Wyssta is Not Google's Principal.**

As an initial matter, Plaintiff's claim fails because Wyssta was *not* Google's principal. Plaintiff specifically pursues a prong two theory of liability alleging Wyssta "knowingly derive[d] a[] benefit or information from the illegal use of an eavesdropping device by another," in violation of 720 Ill. Stat. § 5/14-1(c)(2). To support this theory, Plaintiff misconstrues the court's holding in *Kurowski III*. *In Kurowski III*, the court held that Kurowski alleged facts sufficient to show that Rush ""knowingly derive[d] a[] benefit or information from the illegal use of an eavesdropping device by another." 720 Ill. Stat. § 5/14-1(c)(2)." *Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 853 (N.D. Ill. 2023). The court noted that it was plausible to consider Rush the principal because the court had *previously* concluded that it was *third parties* and *not Rush* doing the intruding or eavesdropping. *Id.* ("In other words, because the Court has previously concluded that it was the third parties and not Rush doing the intruding or eavesdropping, Rush can plausibly be considered the principal that earned a profit ("derive[d] a benefit") from the use of cookies ("eavesdropping device") on Rush's web properties by Facebook, Google, and Bidtellect's ("by another")."). The determination that Rush could be held liable as a principal was based on the earlier conclusion—a materially different factual context than the present case.

Here, no such conclusion has been reached. This Court has not held that a *third party* and *not Wyssta* was doing the intruding or eavesdropping. For Plaintiff to rely upon the *Kurowski III* rationale, the benefit must have come from Google's use of cookies on Wyssta's web properties. Yet, in this case, any benefit derived came from Wyssta's own use of cookies on its web properties *not* Google's. Accordingly, Plaintiff's fails to establish that Wyssta was acting as Google's principal.

### B. Plaintiff Fails to State a Violation Under 720 Ill. Stat. § 5/14(a)(4) Violation.

Plaintiff's failure to establish that Wyssta was acting as Google's principal dooms his allegation that Wyssta violated 720 Ill. Stat. § 5/14(a)(4). Plaintiff states in his opposition that *Stein* is inapposite on this narrow point because in this case Plaintiff alleges that Google manufactures, assembles, distributes, and possesses an eavesdropping device or comparable device. (Dkt. No. 15 at 13). Whereas in *Stein*, the court held that the health group itself "did not manufacture, assemble, distribute, or possess any eavesdropping device or comparable device either." *Id.*; *see also Stein*, 2025 WL 580556, at *8. This holding, however, is not inapposite. As analyzed above Wyssta was *not* acting as Google's principal. Ultimately, the only way that Wyssta could have violated 720 Ill. Stat. § 5/14(a)(4) would be under a theory of ***direct*** liability. As in *Stein*, for direct liability to apply, Wyssta would have needed to manufacture, assemble, distribute, or possess an eavesdropping device or comparable device. Plaintiff reiterates in his opposition he does not make this allegation. (Dkt. No. 15 at 13).

Plaintiff attempts to argue around his failure to allege an eavesdropping device by suggesting Wyssta "possessed" the Google Tracking Pixels and therefore is still liable. This clarification does not revive Plaintiff's claim. Since Wyssta does not qualify as a principal or eavesdropper as defined by the IES the mere alleged possession of the Pixels does not violate the IES. *See* 720 Ill. Stat. § 5/14(a)-(c); *see also Stein*, 2025 WL 580556, at *8 (holding that Edward-Elmhurst Hospital "did not manufacture, assemble, distribute, or possess any eavesdropping device or comparable device either," when analyzing EEH's use of the Meta Pixel).

At bottom, Plaintiff's Opposition makes clear he cannot satisfy his burden to plausibly establish that Wyssta was acting as Google's principal nor that Wyssta (or any party supposedly acting on Wyssta's behalf) manufactured, assembled, distributed, or possessed an eavesdropping

device or comparable device. Accordingly, Plaintiff's IES claim fails and should be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons and those included in Wyssta's motion to dismiss and memorandum in support, Wyssta respectfully asks the Court to dismiss Plaintiff's Complaint with prejudice.

Dated: May 5, 2025

Respectfully submitted,

**WYSSTA SERVICES, INC.**

By: */s/ Jad Sheikali*

Jad Sheikali
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

*Attorneys for Wyssta Services, Inc.*