**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL FEELER, | ) | |
| | ) | Case No. 25-cv-0794 |
| Plaintiff, | ) | |
| v. | ) | District Judge Sharon Johnson Coleman |
| | ) | |
| WYSSTA SERVICES, INC., | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is defendant's motion to stay discovery, Dkt. 16. For the reasons below, the Court denies the motion.

In January 2025, plaintiff Michael Feeler filed his complaint, individually and on behalf of similarly situated individuals, against defendant Wyssta Services, Inc. Defendant operates the online patient portal plaintiff uses to access health care plan benefits and communicate with his insurance provider. Plaintiff alleges that defendant's website technology discloses users' personally identifiable information and personal health information to third parties in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 et seq., and the Illinois Eavesdropping Statute ("IES"), 720 ILCS § 5/14-1. Dkt. 1. On March 24, 2025, defendant filed a motion to dismiss, arguing plaintiff failed to state a claim under both the ECPA and IES. Dkt. 12. That motion is now fully briefed before the District Judge. On April 30, 2025, defendant filed a motion to stay discovery pending a ruling on the motion to dismiss. Dkt. 16. On May 2, 2025, plaintiff filed a response. Dkt. 17.

The Court has extremely broad discretion to control discovery. *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013). Under Rule 26, the Court may, after a showing of good cause, limit the scope of discovery or control its sequence "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). The party moving to stay discovery bears the burden of establishing good cause. *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020). To determine whether good cause exists, the Court considers whether (1) the stay will simplify the issues in the case, (2) the stay will prejudice the non-movant, and (3) the stay will reduce the burden of litigation for the parties or the Court. *Id.*

Defendant first argues a stay is appropriate because its motion to dismiss "raises threshold legal issues" that will dispose of claims or simplify the merits. Dkt. 16 at 4-5. The Court disagrees. Courts in this district define "threshold issues" as arguments about standing, jurisdiction, or immunity—not failure to state a claim under Rule 12(b)(6). *See Harper*, 2020 WL 5230746, at *2; *New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *1-2. Defendant's motion does not raise any issues related to standing, jurisdiction, or immunity. While defendant's motion to dismiss may ultimately dispose of, or simplify, claims as a matter of law, this argument is speculative. *New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *2. Further, the mere possibility of narrowing claims "is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion to dismiss would 'allow the exception to swallow the rule.'" *Harper*, 2020 WL 5230746, at *2 (quoting *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007)). Accordingly, the Court finds the issues presented in defendant's motion to dismiss do not establish good cause to stay discovery.

Next, defendant contends plaintiff will not be unduly prejudiced by a stay. Defendant points out that plaintiff did not require discovery to respond to the motion to dismiss. Dkt. 16 at 6. But plaintiff's ability to respond to the motion without discovery is not dispositive, and the Court needs to weigh defendant's assertions against plaintiff's prejudice argument. *Harper*, 2020 WL 5230746, at *3. Defendant insists that a temporary stay will not be prejudicial and that plaintiff can avoid alleged ongoing injury by choosing not to use defendant's website. Dkt. 16 at 6. Plaintiff maintains a stay would be prejudicial because he cannot access or communicate with his health insurance company without using defendant's website. Dkt. 18 at 7. Plaintiff also contends a stay will risk losing data in third parties' possession, will risk losing witness testimony from fading memories, and will make it more difficult to locate class members. The Court finds that plaintiff's asserted prejudice weighs against a stay of discovery. *See id.*

Finally, defendant argues it will be unduly burdened by responding to "voluminous merits and class written discovery" while its motion to dismiss is pending. Dkt. 16 at 6. Although discovery always carries some burden, the Court finds defendant has not demonstrated that the anticipated burden will be undue. Defendant asserts that to start discovery it will have to "devote significant resources, including employee time," and potentially use third-party vendors or forensic specialists. But defendant provides no estimate of cost, nor an affidavit to support the asserted burden. Further, defendant does not explain how responding to plaintiff's initial requests—a list of individuals who use the site, defendant's policies and procedures, and defendant's contracts with third parties—will be unduly burdensome. Instead, defendant vaguely refers to a "multi-year period" of responsive information and concludes the requests are "far-reaching." In sum,

defendant does not establish good cause. *Id.* at *4 ("Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery.").

For all these reasons, defendant's motion to stay is denied. The Court notes however, that if defendant believes a particular request is overly broad or unduly burdensome, defendant may seek Court intervention, and the Court will refrain from ordering expansive discovery while the motion to dismiss is pending. *See id.*; *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009).

**So Ordered.**

**Jeannice W. Appenteng**
**United States Magistrate Judge**

DATED: 5/23/2025